MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
JESUS AMARO OCHOA TRUJILLO (A/K/A
EMANUEL LOPEZ) and MARCELO
MENDOZA MARIN, *individually and on*
*behalf of others similarly situated,*

                                  *Plaintiffs*,

                -against-

CANIDO BASONAS CONSTRUCTION
CORP. (D/B/A CANIDO BASONAS
CONSTRUCTION), THE RESTORATION
SITE, INC. (D/B/A THE RESTORATION
SITE), MIGUEL A. BRION, and RAMIRO
ANGAMARCA,

                                *Defendants.*
-----------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Jesus Amaro Ochoa Trujillo (a/k/a Emanuel Lopez) and Marcelo Mendoza Marin , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Canido Basonas Construction Corp. (d/b/a Canido Basonas Construction), The Restoration Site, Inc. (d/b/a The Restoration Site), ("Defendant Corporations"), Miguel A. Brion and Ramiro Angamarca, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Canido Basonas Construction Corp. (d/b/a Canido Basonas Construction), The Restoration Site, Inc. (d/b/a The Restoration Site), Miguel A. Brion, and Ramiro Angamarca.

2.       Defendants own, operate, or control two construction companies, located at 314 48th Street Brooklyn, New York 11220 under the name "Canido Basonas Construction" and at 688 Court Street, Brooklyn, New York 11231 under the name "The Restoration Site".

3.      Upon information and belief, individual Defendants Miguel A. Brion and Ramiro Angamarca, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction corporations as a joint or unified enterprise.

4.      Plaintiffs were employed as construction workers at the construction corporations located at 314 48th Street Brooklyn, New York 11220 and 688 Court Street, Brooklyn, New York 11231.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two construction companies located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

13.     Plaintiff Jesus Amaro Ochoa Trujillo (a/k/a Emanuel Lopez) ("Plaintiff Ochoa" or "Mr. Ochoa") is an adult individual residing in Queens County, New York.

14.     Plaintiff Ochoa was employed by Defendants at Canido Basonas Construction from approximately August 2018 until on or about August 12, 2019.

15.     Plaintiff Marcelo Mendoza Marin ("Plaintiff Mendoza" or "Mr. Mendoza") is an adult individual residing in Queens County, New York.

16.     Plaintiff Mendoza was employed by Defendants at Canido Basonas Construction from approximately March 26, 2018 until on or about August 9, 2019.

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled two construction companies, located at 314 48th Street Brooklyn, New York 11220 under the name "Canido Basonas Construction" and at 688 Court Street, Brooklyn, New York 11231 under the name "The Restoration Site".

18.     Upon information and belief, Canido Basonas Construction Corp. (d/b/a Canido Basonas Construction) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 314 48th Street Brooklyn, New York 11220.

19.     Upon information and belief, The Restoration Site, Inc. (d/b/a The Restoration Site) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 688 Court Street, Brooklyn, New York 11231.

20.     Defendant Miguel A. Brion is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Miguel A. Brion is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Miguel A. Brion possesses operational control over Defendant Corporations, an ownership interest

in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Ramiro Angamarca is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ramiro Angamarca is sued individually in his capacity as a manager of Defendant Corporations. Defendant Ramiro Angamarca possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate two construction companies located in the Sunset Park and Red Hook sections of Brooklyn in New York City.

23.     Individual Defendants, Miguel A. Brion and Ramiro Angamarca, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant Miguel A. Brion operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

30.     In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporations on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

32.     Plaintiffs are former employees of Defendants who were employed as construction workers.

33.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jesus Amaro Ochoa Trujillo (a/k/a Emanuel Lopez)*

34.     Plaintiff Ochoa was employed by Defendants from approximately August 2018 until on or about August 12, 2019.

35.     Defendants employed Plaintiff Ochoa as a construction worker.

36.     Plaintiff Ochoa regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

37.     Plaintiff Ochoa's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Ochoa regularly worked in excess of 40 hours per week.

39.     From approximately August 2018 until on or about August 12, 2019, Plaintiff Ochoa worked from approximately 8:00 a.m. until on or about 4:50 p.m., Mondays through Fridays one week per month and Mondays through Saturdays three weeks per month (typically 44.15 to 53 hours per week).

40.     Throughout his employment, Defendants paid Plaintiff Ochoa his wages in cash.

41.     From approximately August 2018 until on or about April 2019, Defendants paid Plaintiff Ochoa a fixed salary of $160 per day.

42.     From approximately April 2019 until on or about May 18, 2019, Defendants paid Plaintiff Ochoa a fixed salary of $170 per day.

43.     From approximately May 19, 2019 until on or about July 2019, Defendants paid Plaintiff Ochoa a fixed salary of $180 per day.

44.     From approximately July 2019 until on or about August 12, 2019, Defendants paid Plaintiff Ochoa $22.50 per hour.

45.     For approximately one week and one day, Defendants did not pay Plaintiff Ochoa any wages for his work.

46.     Plaintiff Ochoa's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47.     For example, Defendants required Plaintiff Ochoa to work an additional 20 minutes past his scheduled departure time five to six days a week, and did not pay him for the additional time he worked.

48.     Defendants never granted Plaintiff Ochoa any breaks or meal periods of any kind.

49.    Plaintiff Ochoa was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ochoa regarding overtime and wages under the FLSA and NYLL.

51.    Defendants did not provide Plaintiff Ochoa an accurate statement of wages, as required by NYLL 195(3).

52.    Defendants did not give any notice to Plaintiff Ochoa, in English and in Spanish (Plaintiff Ochoa's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.    Defendants required Plaintiff Ochoa to purchase "tools of the trade" with his own funds—including six pairs of gloves per day, a School of Construction Safety license, an OSHA license, two harnesses, a lock, and a box of elastic gloves per week.

*Plaintiff Marcelo Mendoza Marin*

54.    Plaintiff Mendoza was employed by Defendants from approximately March 26, 2018 until on or about August 9, 2019.

55.    Defendants employed Plaintiff Mendoza as a construction worker.

56.    Plaintiff Mendoza regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

57.    Plaintiff Mendoza's work duties required neither discretion nor independent judgment.

58.    Throughout his employment with Defendants, Plaintiff Mendoza regularly worked in excess of 40 hours per week.

59.     From approximately March 26, 2018 until on or about August 9, 2019, Plaintiff Mendoza worked from approximately 8:00 a.m. until on or about 4:30 p.m., two days a week, from approximately 8:00 a.m. until on or about 6:30 p.m., three days a week, and from approximately 9:00 a.m. until on or about 5:00 p.m., one day a week (typically 56.5 hours per week).

60.     Throughout his employment, Defendants paid Plaintiff Mendoza his wages in cash.

61.     From approximately March 26, 2018 until on or about May 2019, Defendants paid Plaintiff Mendoza $15.00 per hour.

62.     From approximately May 2019 until on or about August 9, 2019, Defendants paid Plaintiff Mendoza $20.00 per hour.

63.     For approximately four days, Defendants did not pay Plaintiff Mendoza any wages for his work.

64.     Plaintiff Mendoza's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

65.     For example, Defendants required Plaintiff Mendoza to work an additional 2 hours past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

66.     Plaintiff Mendoza was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

67.     On a number of occasions, Defendants required Plaintiff Mendoza to sign a document, the contents of which he was not allowed to review in detail.

68.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mendoza regarding overtime and wages under the FLSA and NYLL.

69.     Defendants did not provide Plaintiff Mendoza an accurate statement of wages, as required by NYLL 195(3).

70.     Defendants did not give any notice to Plaintiff Mendoza, in English and in Spanish (Plaintiff Mendoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.     Defendants required Plaintiff Mendoza to purchase "tools of the trade" with his own funds—including one hammer, one meter, levels, one harness, towels, cement smoothing tools, a gun to install silicone on windows, and knee guards.

*Defendants' General Employment Practices*

72.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

73.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

74.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

75.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

76.     On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail.

77.     Defendants paid Plaintiffs their wages in cash.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

82.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

86.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and

method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

91.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

94.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

97.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

98.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

101.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

104.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

106.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j)     Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

May 18, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiffs*