<u>Via ECF</u>
Honorable Magistrate Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**  Jesus Trujillo, a/k/a Emanuel Lopez and Marcello Marian v. The Restoration Site Inc. et. al. (20-cv-2241)

Dear Judge Levy:

We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement").  The Settlement Agreement, fully executed by the parties, memorialize the agreed-upon terms between the parties and is attached hereto as Exhibit A.  The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter.

The parties respectfully request that the Court approve the settlement and So Order the Settlement Agreement. This agreement has been carefully tailored to assure that it is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

**<u>Plaintiffs' Position</u>**

Plaintiffs  brought this action, alleging that they were not compensated time-and-a-half for overtime hours worked in excess of forty hours during their employment by Defendants in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs alleged that they were employed by Defendants for

approximately one year and that during their employment, they worked approximately 50 hours per week. Plaintiffs alleged approximately $57,442.00 in total damages, including unpaid wages, liquidated damages, and statutory penalties. Plaintiffs' unpaid wages calculation was approximately $ 16,196.00.

**Defendants' Position**

Defendants deny the Plaintiffs' allegations in the Complaint and specifically deny that Plaintiffs are entitled to any back wages, statutory penalties or liquidated damages. Defendants further deny that Defendant Canido Basonas Construction, Defendant Miguel Brion or Defendant Ramiro Angamarca were the Plaintiffs' employer.  The Defendant Restoration Site Inc.  paid the Plaintiffs far in excess of the required hourly minimum wage, and Plaintiffs were paid all wages due to him, including overtime for any hours worked in excess in of 40 hours per week.   Moreover, the projects on which the Plaintiffs were assigned were condominium and/or cooperative buildings who restricted the hours when work could be performed and thus Plaintiffs rarely if ever could have worked more than 40 hours in any week.

**Settlement Amount and Plaintiffs' Recovery**

Though Plaintiff claimed approximately $57,442.28, in total damages should they have prevailed on all of their claims, Plaintiffs recognized that there would be risks to proceeding through trial, such as the dispute between the hours Plaintiffs worked, the number of days Plaintiffs worked, and the wages received by Plaintiffs. Defendants also produced business and corporate records which raised questions as to whether three of

the named Defendants would be found to be the Plaintiffs' employer. As such, Plaintiff agreed to settle this matter for $21,000.00.

**Plaintiff's Attorneys' Fees and Expenses**

Plaintiffs' counsel will receive $7508.80 which is comprised of 1) $763.20 costs subtracted from the $21,000 then divided by three and 2) $763.20 in costs.[1]

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,072.50 in attorneys' fees[2], making the fee counsel will receive under the agreement reasonable in light of their lodestar.  The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

       i.      Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

---

[1] Defendants take no position with respect to whether or not Plaintiffs' counsel's requested fees are reasonable.
[2] A copy of Plaintiff's counsel's billing record is attached as "Exhibit B."

Faillace's regular billing rate is $450 per hour and is reflected in Exhibit B by the initials "MF."

ii.      Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My billing rate of $350 per hour is reflected in Exhibit B with my initials "GN."

iii.      Paralegal time reflected in Exhibit C as "PL" is billed at $125 an hour

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case"); Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) ("Courts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases."); See Lizondro-Garcia v. Kefi LLC, No. 12 Civ. 1906 (HBP), 2015 U.S. Dist. LEXIS 85873, 2015 WL 4006896, at *8 (S.D.N.Y. July 1, 2015) ("In recent FLSA actions, hourly rates between $100 and $125 for paralegal work have been found to be reasonable."); Viafara v. MCIZ Corp., No. 12 Civ. 7452 (RLE), 2014 U.S. Dist. LEXIS 60695, 2014 WL 1777438, at *14 (S.D.N.Y. May 1, 2014) (approving hourly rate of $125 for paralegal); Guallpa v. N.Y. Pro Signs Inc., No. 11 Civ. 3133 (LGS) (FM), 2014 U.S. Dist. LEXIS 77033, 2014 WL 2200393, at *10 (S.D.N.Y. May 27, 2014) (reducing paralegal hourly rate to $125), report and recommendation adopted, 2014 U.S. Dist. LEXIS 116671, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014)

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully Submitted,

s/ *Gennadiy Naydenskiy*
Gennadiy Naydenskiy
60 East 42nd Street, Suite 4510
New York, New York 10165
Email: Gnaydenskiy@faillacelaw.com
*Attorneys for Plaintiffs*

# EXHIBIT A

## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **JESUS AMARO OCHOA TRUJILLO (A/K/A EMANUEL LOPEZ) AND MARCELLO MENDOZA MARIN** (hereinafter referred to as "Plaintiffs") and **CANIDO BASONAS CONSTRUCTION CORP., THE RESTORATION SITE INC., and MIGUEL A. BRION, individually, and RAMIRO ANGAMARCA, individually,  as an individual** and their respective parent corporations, stockholders, subsidiaries, affiliates, divisions, related entities, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, in their official capacity, and each of the individual Defendants respective heirs, executors, successors and assigns, in their capacity as such (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiffs have or may has against Defendants.

**WHEREAS,** Plaintiffs have commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.  20-CV-2241, alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS** Defendants deny that they failed to pay all wages owed to them;

**WHEREAS** Defendants deny any violation of law or any liability to Plaintiff;

**WHEREAS,** Defendants Basonas Construction Corp., and Miguel Brion and Ramio Angamarca specifically deny that they were the Plaintiffs' employers;

**WHEREAS** Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.    **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants  agree to the following payment terms, which payments shall be in settlement of claims against each and every Defendant:

a.    The Restoration Site, Inc. shall cause Plaintiffs to be paid the gross sum of twenty-one  thousand dollars ($21,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"),, provided however that the remaining Defendants shall remain liable for the payment of said sum in the event that Restoration Site Inc.  fails to make the payment are required under the terms of this Agreement.  The Settlement funds shall be payable as follows:

1

i. Within seven (7) days of the Court's approval of this settlement agreement, Defendants shall provide payment of twenty one thousand dollars and zero cents ($21,000.00) payable as follows:

| | |
|---|---|
| **JESUS AMARO OCHOA TRUJILLO** | **$6,745.60** |
| **MARCELLO MENDOZA MARIN** | **$6,745.60** |
| **Michael Faillace & Associates, P.C.**<br>**-representing attorneys' fees and costs** | **$7,508.80** |

ii. The Settlement Funds will be provided as follows:

Upon receiving the full payment listed in Paragraph 1(a)(i), Plaintiffs shall file a Stipulation of Discontinuance with prejudice as against all Defendants for Court approval.

b. Concurrently with the execution of this Agreement, Defendants' counsel shall deliver to the Plaintiff's counsel a letter confirming that the Settlement Funds have been deposited into Schroder Joseph & Associates LLP's client escrow account and are available for immediate payment upon the Court's approval of this agreement.

c. Nothing herein shall delay payment to any Plaintiff who signs the agreement and provides a w-9 form, or to Michael Faillace & Associates, P.C.:

d. By signing this Agreement, the parties take no position and make no representations as to the characterization of the Settlement Payment or whether the Settlement Payment paid pursuant to this Agreement should be characterized as wage income or non-wage income or whether Defendants should withhold and pay payroll taxes. Defendants shall indemnify Plaintiffs and their counsel, and shall be solely responsible, only for employer side taxes and any penalties incurred as a result of any taxes owed by the employer as a result of the tax characterization of the Settlement Payment, including any IRS challenge to the characterization of the Settlement Payment in this Agreement.

2.   **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators, successors and assigns, in their respective capacity as such **HEREBY RELEASE AND FOREVER Discharge** Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, related entities, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors

2

and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had or now have arising out of Plaintiffs' employment by Defendants.

Defendants, for themselves and their respective parent corporations, stockholders, subsidiaries, affiliates, divisions, related entities, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiffs from any and all counterclaims that Defendants have asserted or could have asserted against Plaintiffs arising out of Plaintiffs' employment by Defendants.

3.     **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

4.     **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants.  This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

5.     **Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

6.     **Jurisdiction**

Notwithstanding Plaintiffs filing of a Stipulation of Discontinuance, the parties respectfully request that this Court, the United States District Court for the Eastern District of New York, retain jurisdiction to enforce the terms of this settlement until full payment of the Settlement Funds outlined in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

7.     **Effective Date**

This Agreement and Release shall become effective immediately upon execution.

**8.**     **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

[THE   REMAINDER   OF   THIS   PAGE   IS   INTENTIONALLY   LEFT   BLANK]

4

**PLAINTIFF:**

_____

**JESUS AMARO OCHOA TRUJILLO**

Date:_____

**PLAINTIFF:**

_____

**MARCELLO MENDOZA MARIN**

Date:_____

**DEFENDANTS:**

**THE RESTORATION SITE INC.**

_____ , vice president

Authorized to sign on behalf of **THE RESTORATION SITE INC.**

Date: 12/17/20

**RAMIRO ANGAMARCA**

_____

as an individual

Date: 12/18/20

**CANIDO BASONAS CONSTRUCTION CORP.**

_____ , President

Authorized to sign on behalf of CANIDO BASONAS CONTRUCTION CORP.

Date: _____12|17|20_____

MIGUEL A. BRION

_____

 as an individual

Date: _____12|17|20_____

**PLAINTIFF:**

_____

**JESUS AMARO OCHOA TRUJILLO**

Date:_____

**PLAINTIFF:**

X

**MARCELLO MENDOZA MARIN**

Date:____ 12 - 30 - 20

**DEFENDANTS:**

**THE RESTORATION SITE INC.**

_____

Authorized to sign on behalf of THE RESTORATION SITE INC.

Date:_____

**RAMIOR ANGAMARCA**

_____

as an individual

Date:_____
**CANIDO BASONAS CONSTRUCTION CORP.**

_____

5

**PLAINTIFF:**



**JESUS AMARO OCHOA TRUJILLO**

Date: 12/30/2020

**PLAINTIFF:**

_____
**MARCELLO MENDOZA MARIN**

Date:_____

**DEFENDANTS:**

**THE RESTORATION SITE INC.**

_____

**Authorized to sign on behalf of THE RESTORATION SITE INC.**

Date:_____

**RAMIOR ANGAMARCA**

_____
as an individual

Date:_____
**CANIDO BASONAS CONSTRUCTION CORP.**

_____

5

# EXHIBIT B

### Michael Faillace & Associates, P.C.

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Jesus Amaro Ochoa Trujillo                                                    January 11, 2021

|              |            |
|--------------|------------|
| File #:      | CanidoBasona |
| Inv #:       | 1236       |

**Attention:**

**RE:**     Ochoa Trujillo et al v. Canido Basonas Construction Corp. et al;
20-cv-02241-RPK-JO

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jul-15-20 | Discussed Case with MF and GN | 0.20 | 25.00 | PL |
| Jul-16-20 | looked up the case and created a pc law accont | 0.30 | 37.50 | PL |
|  | confirmed accuracy of bill | 0.10 | 12.50 | PL |
|  | downloaded the issued summons and filed complaint in the case file. | 0.20 | 25.00 | PL |
|  | drafted the notice of intention | 0.10 | 12.50 | PL |
|  | drafted the notice of demand | 0.10 | 12.50 | PL |
|  | send out for service | 0.10 | 12.50 | PL |
|  | Filed GNs NOA | 0.10 | 12.50 | PL |
| Jul-22-20 | reviewed proof of service, emailed BT | 0.10 | 12.50 | PL |
| Jul-30-20 | telephone call w/ opposing counsel re: extension of time | 0.10 | 35.00 | GN |
| Aug-05-20 | calendared defendans 30 day extension re: answer complaint | 0.10 | 12.50 | PL |

Case 1:20-cv-02241-RML    Document 23    Filed 01/14/21    Page 18 of 27 PageID #: 97

| | | | | |
|---|---|---|---|---|
| Aug-11-20 | email w/ opposing counsel re: telephone cal scheudling | 0.10 | 35.00 | GN |
| Aug-12-20 | call from office re: call from def attorney | 0.10 | 35.00 | GN |
| | telephone call w/ opposing counsel (.1), review complaint, intakes, and research Defendants | 1.70 | 595.00 | GN |
| Aug-14-20 | reviewed court order giving defendants and plaintiffs deadline by which to answer or file a motion for default; directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | calendared reminders for the bounce issued by the judge 8-14-2020 | 0.20 | 25.00 | PL |
| Aug-15-20 | review ecf bounce, email pl, email to opposing counsel | 0.10 | 12.50 | MF |
| Aug-19-20 | review opposing counsel email re: extension | 0.10 | 35.00 | GN |
| | email opposing counsel re: stip extension of time | 0.10 | 25.00 | GN |
| | review stip and email w/ opposing counsel re: stip to extend time | 0.10 | 25.00 | GN |
| | further emails re: stip | 0.10 | 25.00 | GN |
| Aug-20-20 | Reviewed motion for extension of time to file answer filed in  court by defendants;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed court order granting extension of time to answer to the represented defendants;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | ecf bounce | 0.10 | 35.00 | GN |
| Aug-24-20 | review def documents, telephone call w/ pl re: ask Ps | 0.30 | 75.00 | GN |
| | GN asked me to call clietns | 0.10 | 12.50 | PL |
| Aug-26-20 | reviewed court order granting the joint request | 0.30 | 135.00 | MF |

| | | | | |
|---|---|---|---|---|
| | for extension of time for defendant to answer ; directed staff to update case chart ; filed order in the proper folder for future reference | | | |
| | reviewed court order giving defendants deadline by which to answer or file a motion for default; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review pl email and telephone call w/ pl in regards to employers | 0.20 | 70.00 | GN |
| | called plaintiffs to ask Qs re: Michael and Miguel | 0.40 | 50.00 | PL |
| | discussed follow up Qs | 0.10 | 12.50 | PL |
| | set an appt to talk to client Jesus | 0.10 | 12.50 | PL |
| | spoke to the other Plaintiff Marcelo. | 0.20 | 25.00 | PL |
| Aug-31-20 | review email from pl re: cl responses to my follow up questions | 0.10 | 25.00 | GN |
| Sep-02-20 | telephone call w/ opposing counsel re: time to answer | 0.10 | 0.00 | GN |
| Sep-03-20 | review ecf bounce | 0.10 | 35.00 | GN |
| Sep-04-20 | Reviewed stipulation filed by both parties granting efendants further extension of time to file answer; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Sep-10-20 | email w/ opposing counsel re: scheduling call | 0.10 | 35.00 | GN |
| Sep-14-20 | telephone call w/ pl re: clients follow up | 0.20 | 70.00 | GN |
| | email opposing counsel | 0.10 | 35.00 | GN |
| | telephone call w/ opposing counsel re: parties and sett | 0.10 | 35.00 | GN |
| | discussed case with GN and tried calling Plaintiff Jesus | 0.20 | 25.00 | PL |

| | | | | |
|---|---|---|---|---|
| Sep-15-20 | email w/ opposing counsel re: schedule follow up call | 0.10 | 35.00 | GN |
| | telephone call w/ pl and cl re: defendants | 0.10 | 35.00 | GN |
| | email opposing counsel re: scheduling and damages calculations | 0.10 | 25.00 | GN |
| | spoke to GN re case, called the Plaintiff Jesus and translated for GN | 0.30 | 37.50 | PL |
| Sep-17-20 | disucssed case with GN re: dmages chart and co op | 0.10 | 12.50 | PL |
| | calendared defendants deadlien to answre in GNs calendar | 0.10 | 12.50 | PL |
| Sep-20-20 | email w/ opposing counsel re: stip | 0.10 | 35.00 | GN |
| Sep-21-20 | reviewed courts granting defendants' third request for extension of time to file answer;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review order | 0.10 | 35.00 | GN |
| | calendared new defense attorney | 0.10 | 12.50 | PL |
| Sep-29-20 | email w/ opposing counsel re: working hours, email pl in regards | 0.10 | 35.00 | GN |
| | text w/ pl re: scheduling | 0.10 | 35.00 | GN |
| | called both plaintiffs and their emergency contacts, emailed GN | 0.30 | 37.50 | PL |
| | call guys to schedule calls | 0.10 | 12.50 | PL |
| | called both plaintiffs and their emergency contacts, texted plaintiffs emailed GN | 0.30 | 37.50 | PL |
| | spoke to Jesus Ochoa Trujillo | 0.10 | 12.50 | PL |
| Sep-30-20 | review pl email re: client contacts | 0.10 | 35.00 | GN |
| Oct-01-20 | text w/ pl re: scheduling call with clients | 0.10 | 35.00 | GN |

|  | | | | |
|---|---|---|---|---|
|  | telephone call w/ pl re: damages | 0.10 | 35.00 | GN |
|  | telephone call w/ clients re: settlement | 0.30 | 105.00 | GN |
|  | called Marcelo Mendoza Marin: and Jesus Ochoa Trujillo , confirmed with GN today at 3 PM,calendared it In GNs calendar | 0.20 | 25.00 | PL |
|  | called Marcelo Mendoza Marin: and Jesus Ochoa Trujillo , confirmed with GN today at 3 PM,calendared it In GNs calendar | 0.20 | 25.00 | PL |
|  | discussed damages chart numbers with GN | 0.10 | 12.50 | PL |
|  | translated for GN and Plaintiffs, emailed GN my notes | 0.50 | 62.50 | PL |
| Oct-02-20 | email opposing counsel to settlement up call | 0.10 | 35.00 | GN |
| Oct-06-20 | review damages and complaint, telephone call w/ opposing counsel re: sett | 0.20 | 70.00 | GN |
| Oct-20-20 | email w/ opposing counsel re: scheudling call | 0.20 | 70.00 | GN |
|  | email again w/ opposing counsel re: call | 0.10 | 35.00 | GN |
| Oct-21-20 | email opposing counsel re: call | 0.10 | 35.00 | GN |
|  | call opposing counsel | 0.10 | 0.00 | GN |
|  | telephone call w/ opposing counsel, telephone call w/ pl and conference with w/ mf re: settlement, pro rata calculations | 0.30 | 90.00 | GN |
|  | review bill for costs to calculate | 0.10 | 30.00 | GN |
| Oct-22-20 | telephone call w/ opposing counsel re: sett | 0.10 | 35.00 | GN |
| Oct-26-20 | review pl emails and texts re: costs | 0.10 | 35.00 | GN |
| Nov-03-20 | email w/ opposing counsel re: status and review docket | 0.10 | 35.00 | GN |
| Nov-06-20 | telephone call w/ pl re: amending | 0.10 | 35.00 | GN |
| Nov-09-20 | reviewed complaint filed in court;  directed | 0.30 | 135.00 | MF |

Case 1:20-cv-02241-RML   Document 23   Filed 01/14/21   Page 22 of 27 PageID #: 101

| | | | | |
|---|---|---|---|---|
| | staff to update case chart ;  filed notice in the proper folder for future reference | | | |
| | research case lae | 0.20 | 70.00 | GN |
| | review amended complaint | 0.50 | 175.00 | GN |
| Nov-16-20 | review opposing counsel rule 68 offer and email | 0.10 | 35.00 | GN |
| Nov-17-20 | reviewed court notice of reassignment of magistrate to another magistrate;  directed staff to update case chart ;  filed notices in the proper folder for future reference | 0.30 | 135.00 | MF |
| Nov-18-20 | draft rule 68 acceptance packet, email opposing counsel re: date of payment | 1.40 | 490.00 | GN |
| Nov-23-20 | telephone call w/ opposing counsel re: sett structure | 0.10 | 35.00 | GN |
| Nov-30-20 | telephone call w/ opposing counsel re: sett | 0.10 | 35.00 | GN |
| Dec-01-20 | reviewed stipulation filed by both parties informing the court that the case settled and they are in the process of  preparing the settlement agreement; directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | review def stip | 0.10 | 35.00 | GN |
| Dec-02-20 | edit draft sett agreement | 0.30 | 105.00 | GN |
| Dec-07-20 | edit sett agreement | 0.40 | 0.00 | GN |
| Dec-11-20 | review and revise def redline edits of sett agreement | 0.60 | 210.00 | GN |
| | email pl question question for clients | 0.10 | 35.00 | GN |
| Dec-15-20 | edit sett agreement | 0.20 | 70.00 | GN |
| Dec-17-20 | Reviewed court notice of reassignment of case to new judge; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |

| | | | |
|---|---|---|---|
| Reviewed court notice of reassignment of case to new judge; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Totals | 19.60 | $5,740.00 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| May-18-20 | Filing Fee | 400.00 |
| Jul-17-20 | AOS - Canido Basonas | 75.00 |
| | AOS - The Restoration SIte, Inc | 75.00 |
| Jul-20-20 | AOS - Miguel Brion | 138.60 |
| | AOS - Ramiro Angamarca | 74.60 |
| | Totals | $763.20 |

**Total Fee & Disbursements**                                **$6,503.20**

**Balance Now Due**                                          **$6,503.20**

# EXHIBIT C

Privileged Settlement Communication                                                     Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Jesus Amaro Ochoa Trujillo** | 8/15/2018 | 12/31/2018 | 20 | 48.5 | 0 | $ 18.14 | $ 27.22 | $ 13.00 | $ 19.50 | $ 957.11 | $ 880.00 | $ 77.11 | $ 1,542.27 |
| | 1/1/2019 | 4/15/2019 | 15 | 48.5 | 0 | $ 18.14 | $ 27.22 | $ 15.00 | $ 22.50 | $ 957.11 | $ 880.00 | $ 77.11 | $ 1,156.70 |
| | 4/16/2019 | 5/18/2019 | 5 | 48.5 | 0 | $ 19.28 | $ 28.92 | $ 15.00 | $ 22.50 | $ 1,016.93 | $ 935.00 | $ 81.93 | $ 409.66 |
| | 5/19/2019 | 7/15/2019 | 8 | 48.5 | 0 | $ 20.41 | $ 30.62 | $ 15.00 | $ 22.50 | $ 1,076.75 | $ 990.00 | $ 86.75 | $ 694.02 |
| | 7/16/2019 | 8/12/2019 | 4 | 48.5 | 0 | $ 22.50 | $ 33.75 | $ 15.00 | $ 22.50 | $ 1,186.88 | $ 1,091.25 | $ 95.63 | $ 382.50 |
| | | | | | | | | | | | | | $ **4,185.15** |
| | | | | | | | | | | | | | |
| **Marcelo Mendoza Marin** | 3/26/2018 | 12/31/2018 | 40 | 56.5 | 0 | $ 13.00 | $ 19.50 | $ 13.00 | $ 19.50 | $ 841.75 | $ 734.50 | $ 107.25 | $ 4,290.00 |
| | 1/1/2019 | 5/15/2019 | 19 | 56.5 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 971.25 | $ 847.50 | $ 123.75 | $ 2,351.25 |
| | 5/16/2019 | 8/5/2019 | 12 | 56.5 | 0 | $ 20.00 | $ 30.00 | $ 15.00 | $ 22.50 | $ 1,295.00 | $ 847.50 | $ 447.50 | $ 5,370.00 |
| | | | | | | | | | | | | | $ **12,011.25** |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | $ **16,196.40** |

1 **This chart is based upon preliminary information and the expected testimony of Plaintiffs.**

2 **Plaintiffs reserve the right to correct or amend this chart.**

3 **This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.**

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Wages Withheld |
|---|---|---|---|---|---|---|---|---|---|---|
| **Jesus Amaro Ochoa Trujillo** | 8/15/2018 | 12/31/2018 | $ 1,542.27 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 263.78 | $ - | |
| | 1/1/2019 | 4/15/2019 | $ 1,156.70 | $ - | $ - | | | $ 163.04 | $ - | |
| | 4/16/2019 | 5/18/2019 | $ 409.66 | $ - | $ - | | | $ 50.77 | $ - | |
| | 5/19/2019 | 7/15/2019 | $ 694.02 | $ - | $ - | | | $ 78.23 | $ - | |
| | 7/16/2019 | 8/12/2019 | $ 382.50 | $ - | $ - | | | $ 39.06 | $ - | |
| | | | **$ 4,185.15** | **$ -** | **$ -** | **$ 5,000.00** | **$ 5,000.00** | **$ 594.87** | **$ -** | |
| | | | | | | | | | | |
| **Marcelo Mendoza Marin** | 3/26/2018 | 12/31/2018 | $ 4,290.00 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 808.83 | $ - | |
| | 1/1/2019 | 5/15/2019 | $ 2,351.25 | $ - | $ - | | | $ 322.71 | $ - | |
| | 5/16/2019 | 8/5/2019 | $ 5,370.00 | $ - | $ - | | | $ 593.37 | $ - | |
| | | | **$ 12,011.25** | **$ -** | **$ -** | **$ 5,000.00** | **$ 5,000.00** | **$ 1,724.90** | **$ -** | |
| | | | | | | | | | | |
| | | | **$ 16,196.40** | **$ -** | **$ -** | **$ 10,000.00** | **$ 10,000.00** | **$ 2,319.77** | **$ -** | |

| | | |
|---|---|---|
| **Filing Date** | | **9/6/2019** |
| **FLSA** | | **2/21/2013** |
| **NYLL** | | **2/21/2016** |
| **Amendment** | | **4/9/2011** |
| **Today** | | **9/15/2020** |

Privileged Settlement Communication                                    Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Tools of the trade | Total Per Period |
|---|---|---|---|---|
| **Jesus Amaro Ochoa Trujillo** | 8/15/2018 | 12/31/2018 | $ 1,480.00 | $ 14,828.31 |
| | 1/1/2019 | 4/15/2019 | | $ 2,476.44 |
| | 4/16/2019 | 5/18/2019 | | $ 870.10 |
| | 5/19/2019 | 7/15/2019 | | $ 1,466.27 |
| | 7/16/2019 | 8/12/2019 | | $ 804.06 |
| | | | **$ 1,480.00** | **$ 20,445.18** |
| | | | | |
| **Marcelo Mendoza Marin** | 3/26/2018 | 12/31/2018 | $ 1,250.00 | $ 20,638.83 |
| | 1/1/2019 | 5/15/2019 | | $ 5,025.21 |
| | 5/16/2019 | 8/5/2019 | | $ 11,333.37 |
| | | | **$ 1,250.00** | **$ 36,997.40** |
| | | | | |
| | | | **$ 2,730.00** | **$ 57,442.58** |

3 of 3